UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL THORPE and MICHAEL DURAND,

                              Plaintiffs,

v.                                               7:15-cv-00736
                                                 (GLS/TWD)

NICOLE DUVE, et al.,

                              Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF JEFFREY CHABROWE, P.C.<br>Attorneys for Plaintiffs | ANDREW L. HOFFMAN, ESQ. |
| HANCOCK ESTABROOK, LLP<br>Attorneys for Defendants Duve and Nissen | JAMES P. YOUNGS, ESQ. |
| SUGARMAN LAW FIRM, LLP<br>Attorneys for Defendants McCarthy,<br>Wescott, and Layng | PAUL V. MULLIN, ESQ. |

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## DECISION and ORDER

In this civil rights action, Plaintiffs allege that Defendants violated their constitutional rights under 42 U.S.C. § 1983 causing damages. (Dkt. No. 1.) Currently before the Court is Plaintiffs' motion to amend their complaint filed with the permission of the Court. (Dkt. Nos. 92, 95.) Defendants oppose the motion. (Dkt. Nos. 96, 97.) Plaintiffs filed a reply with the permission of the Court. (Dkt. Nos. 99, 100.) The Court thereafter held a telephone conference with the parties to discuss the motion. After hearing from counsel, the Court denied the motion and indicated this written Order would be issued. (Dkt. No. 104.) For the reasons that follow,

Plaintiffs' motion to amend is denied.

## I.     LEGAL STANDARD

### A.     Amendments to Pleadings

Generally, motions for leave to amend are analyzed pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "the court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993).  Elaborating on this standard, the Supreme Court has explained:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should . . . be 'freely given.'

*Foman*, 371 U.S. at 182; *accord*, *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) ("[Leave to amend] should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility.").

### B.     Futility

A court measures futility under the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Nettis v. Levitt*, 241 F.3d 186, 194 n.4 (2d Cir 2001) (*abrogated on other grounds by Slayton v. Am. Express Co.*, 460 F.3d 215 (2d Cir. 2006)); *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).  A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted.  In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted). "The issue to consider is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F. Supp. 2d 336, 338 (E.D.N.Y. 2002) (citing *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995)). The Court does not "weigh the evidence that might be presented at trial; instead, the Court must merely determine whether the complaint itself is legally sufficient." *Id.* (citing *Villager Pond, Inc.*, 56 F.3d at 378).

 **C.** **Local Rule**

Under Local Rule 7.1, a proposed amended complaint "must be a complete pleading, which will supersede the original pleading in all respects. A party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference." N.D.N.Y. R. 7.1(a)(4). Further, the motion must "identify the amendments in the proposed pleading, either through the submission of a red-lined version of the original pleading or other equivalent means." *Id.*

## II.     PROCEDURAL BACKGROUND OF PLAINTIFFS' MOTION

Plaintiffs seek to file an amended complaint which does not add any new causes of action, but rather seeks to "amplify, specify, and fortify the factual allegations in Plaintiffs' original Complaint . . . ." (Dkt. No. 95 at 3.[1]) Plaintiffs originally filed their complaint in June 2015. (Dkt. No. 1.) Thereafter, motions to dismiss for failure to state a claim were filed by all Defendants. (Dkt. Nos. 15, 16.) The District Court denied the motions as to all Defendants except former Defendants County of St. Lawrence and City of Ogdensburg. (Dkt. No. 24.)

The Court then issued a Pretrial Scheduling Order (Dkt. No. 29) and the parties began to engage in extensive discovery. The original deadline to amend pleadings was extended four different times (Dkt. Nos. 35, 42, 45; Text Minute Entry 5/4/2017), with September 29, 2017, being the final date to amend pleadings. (Dkt. No. 45.) The Court specifically noted that "no further extensions would be granted absent extraordinary circumstances, which shall not include the volume of document discovery." *Id.* Thereafter, numerous extensions of other pretrial deadlines were requested and granted by this Court. (Dkt. Nos. 53, 59, 63, 76, 80, 84, 89.) However, neither Plaintiffs nor any Defendants ever requested that the deadline for amendment of pleadings be extended beyond September 29, 2017, until Plaintiffs filed a request for a pre-motion conference per the Northern District of New York's Local Rule 7.1 on June 21, 2019. (Dkt. No. 90.) After a conference with all counsel, the Court permitted Plaintiffs to file the within motion to amend. (Text Minute Entry 7/2/2019; Dkt. No. 92.)

As noted above, Plaintiffs' proposed amended complaint does not add any new causes of

---

[1] Page numbers in citations to documents identified by docket number refer to the page numbers inserted by the Court's electronic filing system maintained by the Clerk's office.

action, but seeks to add further alleged factual information including "detailed and specific examples of evidence fabrication, witness coercion, and police and prosecutorial misconduct." (Dkt. No. 95 at 3.) Defendants oppose Plaintiffs' motion to amend noting it is untimely, without any good cause shown for the delay, prejudicial, futile, and unnecessary. (Dkt. Nos. 96, 97.)

### III. ANALYSIS

#### A. Timeliness of the Proposed Amendment

There is no question that Plaintiffs' motion to amend is untimely since Plaintiffs did not request permission to file the motion to amend until June 21, 2019, some 21 months after the extended deadline to amend expired on September 29, 2017. (Dkt. Nos. 45, 90.) Pursuant to the Court's directive, Plaintiffs had to show "extraordinary circumstances" to file for an amendment after the fourth extension to do so expired. (Dkt. No. 45.) Plaintiffs claim diligence in moving to amend mainly because they pursued discovery, mediation, and settlement proposals which took significant time. (Dkt. No. 95 at 11-21.) However, "[w]hen a party moves to amend the pleadings after the deadline to do so in the court's scheduling order has passed, that party must satisfy the good cause requirement of Fed. R. Civ. P. 16(b) — despite the lenient standard for amendment under Fed. R. Civ. P. 15(a) — before leave to amend may be granted." *Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp.,* 215 F.R.D. 100, 101 (S.D.N.Y. 2003).

Here the Court does not find extraordinary circumstances or good cause for the delay in seeking to amend the complaint. Plaintiffs have not shown the extended deadline to amend could not be met despite their diligence, and they have not shown any unforeseeable event precluded them from complying with the extended deadline. *See LaFlamme v. Carpenters Loc. No. 370 Pension Plan,* 220 F.R.D. 181, 186 (N.D.N.Y. 2003) (citations omitted). All litigated

5

actions require discovery — albeit some more than others — and the Northern District of New York has a mandatory mediation program for cases such as this where all parties are represented by counsel and the allegations involve violations of constitutional rights under 42 U.S.C. § 1983. *See* N.D.N.Y. General Order 47. Parties often engage in settlement discussions during the course of discovery. Thus, Plaintiffs reasons for not moving to amend the complaint in a timely fashion do not amount to extraordinary circumstances or even good cause. This is especially true where, as here, numerous extensions of other pretrial deadlines were requested by Plaintiffs (and granted by the Court) after the last request to extend the amendment deadline, yet Plaintiffs made no further request or effort to extend that final amendment deadline until the present motion. (*See, e.g.*, Dkt. Nos. 58, 62, 75, 79, 83, 87.) Moreover, Plaintiffs' filed their request for permission to amend after the deadlines for fact discovery and fact discovery motions had passed. (*See* Dkt. No. 89.) Based upon the above, the Court finds Plaintiffs unduly delayed in making the present motion to amend.

### B. Futility

Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must give each defendant "'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (quoting *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961)). "[T]he principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted). Here, Plaintiffs' claims against all original Defendants except the County of St. Lawrence and the City of Ogdensburg survived a motion to dismiss thus Defendants have fair

notice of the claims asserted. (Dkt. No. 24.) Plaintiffs also readily acknowledge the proposed amendments do not add new causes of action, but rather bolster the factual allegations in the original complaint. (Dkt. No. 95 at 1-3.)

The Second Circuit has stated that where futility is raised as an objection to the motion to amend, and where it appears that granting leave to amend is unlikely to be productive, it is not an abuse of discretion to deny leave to amend. *See, e.g., Health-Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir. 1990) (leave to amend should be denied where there is no merit to the proposed amendments) (citations omitted). Courts in this Circuit have repeatedly denied motions to amend where the proposed amendment does nothing but bolster factual allegations where the original complaint contained enough allegations to state a claim for relief. *See, e.g., Wandering Dago Inc. v. N. Y. S. Office of Gen. Servs,* Civ. No. 1:13-CV-1053 (MAD/RFT), 2014 WL 12797920, at *13 (N.D.N.Y. 7/28/2014) (collecting cases) (denial of motion to amend complaint where the proposed amendments were found to be unnecessary "adornments, embroidering, embellishments, and aggrandizements" because "they just clutter and confound all that is required for a well-pled pleading, and amount to being superfluous.")

Plaintiffs' proposed amended complaint merely seeks to add additional factual allegations to expound on Plaintiffs' claims and to add every fact that Plaintiffs claim to have adduced through discovery. (Dkt. No. 95-1.) A comparison of the length of the original complaint (Dkt. No. 1) with the proposed amended complaint (Dkt. No. 95-1) shows Plaintiffs seek to add an additional 25 pages of so-called factual allegations, more than doubling the length of the original complaint. However, "*Iqbal* does not require that all known facts be pled, just sufficient facts to plausibly state a cause of action." *Wandering Dago*, 2014 WL 12797920 at *13. Additionally, a

close reading of the proposed amended complaint shows that most, if not all, of the proposed amendments are full of hyperbole, speculation, argument, characterizations of disputed facts, and embellishments that are irrelevant to the claims at issue and best left for inclusion in a summary judgment motion. Therefore, the Court also finds that permitting the amendments would be futile.

**ACCORDINGLY**, for the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' motion to amend (Dkt. No. 95) is **DENIED** in its entirety.

Dated: January 23, 2020
Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge